UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARRY-WEHMILLER COMPANIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09CV760 TIA |
| ) | |
| CARL R. MARSCHKE, GAY A. MARSCHKE, ) | |
| KARL W. MARSCHKE, LYNDA L. LUDWIG, ) | |
| DAN LUDWIG, and DEAN MARSCHKE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss or Stay Plaintiff's Declaratory Judgment Action or, in the Alternative, Transfer Action to the Western District of Wisconsin. The Parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Background**

Before 2000, Defendant Carl Marschke owned and operated Marquip, Inc., a Wisconsin corporation. Named Defendants each held promissory notes executed by Marquip, Inc. In 2000, Marquip, Inc. filed bankruptcy under Chapter 11 of Title 11 of the United States Code. Plaintiff, Barry-Wehmiller Companies, Inc., entered into an Asset Purchase Agreement dated August 8, 2000, as subsequently amended, for the purchase of certain assets of Marquip, Inc. Additionally, Barry-Wehmiller entered into a Sale Agreement on September 14, 2000 for the purchase of a portion of the principal amount of the promissory notes held by Defendants. In consideration of selling the promissory notes, Barry-Wehmiller agreed to make future payments of cash and Barry-Wehmiller stock pursuant to a "Future Payment Program," as set forth in the Sale Agreement. The Sale

Agreement also provided that it shall be governed by and construed according to Missouri law.

In 2004, a dispute arose regarding the amount due under the future payment program. The parties were unable to reach and agreement to settle the dispute through discussions and communications from 2004 through 2009. In May 2009, Carl Marschke disclosed to Barry-Wehmiller that his attorneys would be filing a Wisconsin law suit against Barry-Wehmiller before May 15, 2009. On May 14, 2009, counsel for Carl Marschke filed a complaint against Barry-Wehmiller in the Circuit Court of Price County, Wisconsin, before 2:15 p.m. Later on May 14, 2009, at 5:22 p.m., Barry-Wehmiller electronically filed the present declaratory judgment action against the Defendants. Barry-Wehmiller removed the Wisconsin state court action to the United States District Court for the Western District of Wisconsin on June 24, 2009, based on diversity jurisdiction.

Prior to removal, on June 22, 2009, Defendants filed a Motion to Dismiss or Stay Plaintiff's Declaratory Judgment Action or, in the Alternative, Transfer Action to the Western District of Wisconsin. Defendants argue that this Court should dismiss or stay Barry-Wehmiller's Declaratory Judgment Action because it parallels the Wisconsin action. Defendants also contend that this Court should dismiss or stay Plaintiff's case because Plaintiff filed is defensively. Further, Defendants assert that the federal declaratory judgment action in this Court should be stayed in accordance with the first-filed rule. In the alternative, Defendants request that the Court transfer the action to the Western District of Wisconsin.

Plaintiff, on the other hand, maintains that the first-filed rule does not apply in cases filed on the same day. Further, Plaintiff argues that consideration of judicial economy and convenience favor proceeding with the action in the Eastern District of Missouri. Plaintiff additionally claims that the action should remain in this Court, as the bulk of the witnesses and documents are in St. Louis, and

the case here has progressed further. Likewise, the Plaintiff asserts that this Court has undisputed jurisdiction over the six named Defendants in this case, but only two of the Defendants are parties to the Wisconsin lawsuit. Finally, the Plaintiff argues that Defendants' accusations of bad faith filing are unfounded; Defendants are not the "true Plaintiffs"; no basis exists for Defendants' assertion that this Court should defer to the Wisconsin court; and a transfer of venue would thwart the interests of justice and undermine express terms in the agreement between the Parties. On August 19, 2009, the undersigned held a hearing on Defendants' Motion to Dismiss.

## **Discussion**

Upon consideration of the motion to dismiss and the responses thereto, as well as the arguments presented during the hearing, the undersigned finds that this case should be transferred to the Western District of Wisconsin. The record shows that Defendants filed their complaint in Wisconsin hours before Plaintiffs filed the declaratory judgment action before this Court. The Eighth Circuit Court of Appeals recognizes the first-filed rule, which provides that in cases of concurrent jurisdiction, "'the court in which jurisdiction first attaches has priority to consider the case.'" RK Dixon Co. v. Dealer Marketing Servs., Inc., 284 F. Supp. 2d 1204, 1213 (S.D. Iowa 2003) (quoting Orthman v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985)). "The first-filed rule is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice. The prevailing standard is that the first-filed rule should apply in the absence of compelling circumstances." Maytag Corp. v. International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America, No. 4:08-cv-00291-JEG, 2009 WL 350649 at *6 (S.D. Iowa Feb. 11, 2009) (citation omitted). "Compelling circumstances are generally those that tend to show that the first-filing party either 'acted in bad faith [or] raced to the courthouse to

3

preempt a suit by [the other party].'" Id. (quoting Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1007 (8th Cir. 2003)). The Eighth Circuit has also recognized other exceptions to the first-filed rule: the "balance of convenience" exception and the "dead heat" exception. Terra Int'l, Inc. v. Mississippi Chem. Corp., 922 F. Supp. 1334, 1348-54 (N.D. Iowa 1996). The "balance of convenience" exception applies where an analysis under 28 U.S.C. § 1404(a) dictates transfer. Id. at 1348-49. With regard to the "dead heat" or "no winner" exception, that exception applies "where the filings were 'nearly simultaneous' and it was therefore impossible for the court to tell which lawsuit was filed first." Id. at 1353 (citation omitted).

In the instant case, the Parties do not dispute that Defendants filed their case in Wisconsin before the Plaintiff filed its declaratory judgment action. However, Plaintiff argues that the "dead heat" exception applies because the cases were filed within hours of each other. The undersigned disagrees. Defendants filed their Complaint at 2:15 p.m., and Plaintiff filed its complaint at 5:22 p.m., both on May 14, 2009. Thus, it is not impossible for the Court to determine which Party filed first, and the "dead heat" exception does not apply.

Further, the Court finds that the "balance of convenience" exception does not apply in this case. Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The facts of this case demonstrate that many of the parties, witnesses, and documents are in Wisconsin, as the underlying transaction involved the purchase of a Wisconsin company. Further, aside from the filing of and a hearing on this motion to dismiss, the case has not progressed such that judicial economy would be disturbed. Therefore, the presumption in favor of

4

the first-filed rule is not outweighed by the balance of convenience.[1]

Finally, the undersigned finds that compelling circumstances do not exist in this case. To the contrary, the record demonstrates that the Defendants told Plaintiff that they planned to file a lawsuit. Plaintiff was on notice and appeared to "race to the courthouse" to preempt suit by the Defendants. Thus, the Court finds no compelling circumstances, and it will apply the first-filed rule in this case.

Although Defendants request that this Court dismiss Barry-Wehmiller's suit, the undersigned finds that transfer to the United States District Court for the Western District of Wisconsin is appropriate. As previously stated, many of the parties, witnesses, and documents are located in Wisconsin. Further, transfer will avoid unnecessary duplication in the future. Therefore, the undersigned finds that the interests of justice mandate transfer of this case.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss or Stay Plaintiff's Declaratory Judgment Action or, in the Alternative, Transfer Action to the Western District of Wisconsin is **GRANTED** in part and **DENIED** in part, consistent with this Memorandum and Order.

---

[1] The undersigned also notes the decision of the Western District of Wisconsin, denying Barry-Wehmiller's motion to transfer to this district and motion to dismiss for failure to join an indispensable party. The court specifically found that Barry-Wehmiller "failed to show that the Eastern District of Missouri is the clearly more convenient forum and will best promote the interests of justice in this case . . ." The court also concluded that "the non-joined parties are not necessary to this suit . . ." Doc. #26, Exh. 1, Marschke v. Barry-Wehmiller Companies, Inc., No. 3:09CV398-bbc (W.D. Wis. October 16, 2009).

**IT IS FURTHER ORDERED** that this case is transferred to the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a).

                                                                /s/ Terry I. Adelman
                                               UNITED STATES MAGISTRATE JUDGE

Dated this  2nd  day of November, 2009.